UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

FRED BENNETT, Jr.,
    Plaintiff,

vs.                    06-1015

PEORIA COUNTY JAIL,
    Defendants.

ORDER.

This cause is before the court for consideration of the defendant's motion for summary judgement. [d/e 10] The defendant filed its motion on March 28, 2006. [d/e 10]. Both the defendant and the clerk of the court sent notice of the dispositive motion to the plaintiff at his last known address. [d/e 11, 12]. The plaintiff was also advised that he had 21 days to file a response. The plaintiff has failed to file a response.

I. BACKGROUND

The plaintiff, Fred Bennett, originally brought this action pursuant to 42 U.S.C. §1983 alleging that his constitutional rights were violated at the Peoria County Jail. The plaintiff has named only one defendant: the Peoria County Jail. The jail is not a proper defendant. However, since the plaintiff is proceeding pro se, the defendant has assumed that the plaintiff intended to sue Sheriff Mike McCoy.

The plaintiff's complaint contains one allegation: that he "was placed on the floor for 11 or 12 days until I got a cell." (Comp., p. 5). The plaintiff has alleged a violation of his Fourteenth Amendment rights as it applies to pre-trial detainees.

II. FACTS

The following facts are taken from the defendant's motion for summary judgement and the attached exhibits.

Jail Superintendent Steven Smith says the jail occasionally has more inmates than it does cells. "When that happens and there is a shortage of beds, inmates are issued a mattress, a blanket and a sheet." (Def. Memo, Smith Aff., p. 1, para. 4).

The plaintiff was arrested on November 4, 2005 and was released on January 21, 2006. On November 4, 2005, there were not enough beds for the number of inmates at the Peoria County Jail. Therefore, the plaintiff was given a mattress, a blanket and a sheet to use on the floor.(Def. Memo, Smith Aff, p. 1, para. 5). The plaintiff was also given underclothes, a towel, a toothbrush, a uniform and shoes. (Def. Memo, Buhs Aff., para. 3)   The jail did not have a standing bed for the plaintiff for ten days.

Superintendent Smith says inmates can request medical services while in the jail. During his incarceration, the plaintiff's only medical complaints were related to asthma and a toothache. Superintendent Smith says inmates can also participate in a grievance/complaint procedure. The

inmates fill out an "Inmate Request Form" which can be used to request services or complain about jail conditions, services, staff or other problems. During his incarceration, the plaintiff filed two Inmate Request Forms on November 18, 2005 and November 25, 2005 asking to become a Jail Trustee.

### III. LEGAL STANDARD

The entry of summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the nonmoving party. Id.

A party moving for summary judgment initially has the burden of showing the absence of any genuine dispute of material fact based on the evidence. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 153 (1970); *Schroeder v. Barth, Inc.,* 969 F.2d 421, 423 (7th Cir. 1992). A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position. *Tolle v. Carroll Touch, Inc.,* 23 F.3d 174, 178 (7th Cir. 1994). The evidence and all reasonable inferences drawn therefrom are viewed in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255. Nonetheless, "(s)ummary judgement is not a discretionary remedy. If the plaintiff lacks enough evidence, summary judgement must be granted." *Jones v. Johnson*, 26 F.3d 727, 728 (7th Cir. 1994).

### IV. ANALYSIS

The defendant persuasively argues that the plaintiff has failed to demonstrate a violation of his constitutional rights. "The state has a right to hold a pretrial detainee in custody. But the state may not actually punish that person 'prior to an adjudication of guilt in accordance with due process of law.'" *Salazar v City of Chicago,* 940 F.2d 233, 239(7th Cir. 1991)*quoting Bell v. Wolfish,* 441 U.S. 520, 535 (1979). Therefore, the Fourteenth Amendment protects pre-trial detainees from punishment or "a deliberate act intended to chastise or deter." *Salazar* 940 F2d. at 239. To assess whether the constitutional rights of a pretrial detainee have been violated, it must be determined whether the "disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." *Bell,* 441 U.S. at 539.

The court notes that several courts have found that forcing a pretrial detainee to sleep on a mattress on the floor from time to time did not violate the constitution. *See Askew v. Fairman*, 880 F.Supp. 557 (N.D.Ill.1995)(no violation when detainee forced to sleep on the floor on many occasions over two year period) *Jones v. Sheehan*, 1993 WL 153829 (N.D.Ill.1993)(no violation when a pretrial detainee was forced to sleep on the floor for an extended time during a four-month period). However, other courts have found that requiring a pretrial detainee to sleep on a mattress on the floor violates the Fourteenth Amendment "without regard to the number of days for which a prisoner is so confined." See *Lyons v. Powell*, 838 F.2d 28 (1st Cir.1988); *Vazquez v. Gray*, 523 F.Supp. 1359 (S.D.N.Y.1981).

In the case before the court, providing the sleeping accommodation on the floor was in response to overcrowding during a ten day period. Nothing in the record supports a finding that the action was arbitrary or purposeless so as to appear to be punitive. Based on the record before the court, the plaintiff's ten days of sleeping on a mattress on the floor cannot be considered punishment and, therefore, is not a constitutional violation. The motion for summary judgement is granted.

**ITS IS THEREFORE ORDERED that:**

**1) The defendant's motion for summary judgement is granted pursuant to Fed. R. Civ. P. 56. [d/e 10]   The clerk of the court is directed to enter judgment in favor of the defendant in accordance with this order.  The parties are to bear their own costs.  This case is terminated.**

**2) If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal** *in forma pauperis* **should set forth the issues the plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal.  Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another strike under 28 U.S.C. 1915(g).**

**3) The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.**

**4) The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such a change.  Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.**

**5) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Entered this __20th_____ day of March, 2007.

                               s\Harold A. Baker
                   _____
                             HAROLD A. BAKER
                     UNITED STATES DISTRICT JUDGE